# In the United States Court of Federal Claims

No. 19-1778C
(Filed: March 5, 2020)

| | |
|---|---|
| REGINA LEWIS, | ) ) ) *Pro Se*; Dismissal for Lack of Subject Matter Jurisdiction; Rule 12(b)(1); Violations of the Civil Justice Reform Act; Civil Rights Act; Unjust Imprisonment Claims; Request for Removal of Federal Judge from Office |
| *Pro Se* Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

## ORDER OF DISMISSAL

On November 15, 2019, *pro se* plaintiff Regina Lewis filed the above-captioned case in this court alleging that she was "denied equal benefit of the law" in connection with two cases she brought before the Southern District of New York, *Lewis v. Nissan North America, Inc.*, No. 04-cv-562 (S.D.N.Y.), and *Lewis v. Newburgh Housing Authority*, No. 11-cv-3194 (S.D.N.Y.). Compl. Ex. 1 at 1 (Doc. No. 1-1). Ms. Lewis claims that these cases were improperly managed in the Southern District in violation of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. §§ 471-82. *Id.* The CJRA was enacted to "facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes." 28 U.S.C. § 471. She is seeking $2 million in damages, as

7014 1200 0000 9093 5845

well as the removal from office of Chief Judge Colleen McMahon, Chief Judge of the Southern District of New York. Compl. at 3.

The United States ("the government"), filed a motion to dismiss Ms. Lewis's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on January 15, 2020.[1] Mot. to Dismiss ("MtD") at 1 (Doc. No. 6). In its motion to dismiss, the government argues that (1) the CJRA does not establish a private right of action and is not money-mandating; (2) to the extent Ms. Lewis's complaint can be construed to allege violations of her due process rights under the Fifth Amendment or the Civil Rights Act of 1983, 42 U.S.C. § 1981, this court lacks jurisdiction to hear her case; and (3) this court lacks the authority to remove a federal judge from office. MtD at 2-3.

Ms. Lewis filed a response on January 24, 2020. Resp. to MtD (Doc. No. 7). In her response, she reiterates her allegations regarding her treatment in the Southern District of New York. *Id.* Ms. Lewis also filed a "Cross Motion for Mediation and Settlement" on February 3, 2020. Mot. for Mediation (Doc. No. 8). In its reply to both of Ms. Lewis's filings, the government argues that none of Ms. Lewis's arguments provide any grounds for finding jurisdiction in this court and thus her case must be dismissed. Reply at 1 (Doc. No. 9).

---

[1] The government argues in the alternative that the court should dismiss Ms. Lewis's complaint for failure to state a claim under RCFC 12(b)(6). The court does not address this argument, as the court agrees with the government that this court lacks subject matter jurisdiction over Ms. Lewis's complaint.

For the reasons that follow, the government's motion to dismiss is **GRANTED**.

I. **LEGAL STANDARDS**

Although a *pro se* plaintiff is entitled to have her complaint liberally construed, a *pro se* plaintiff must still establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is only a jurisdictional statute and does not create any substantive right enforceable against the United States for money damages. *N.Y. & Presbyterian Hosp. v. United States*, 881 F.3d 887, 881 (Fed. Cir. 2018). To state a money-mandating claim, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

II. **DISCUSSION**

    A. **This Court Does Not Have Subject Matter Jurisdiction over Ms. Lewis's Claims Related to Alleged Violations of the CJRA**

The CJRA was enacted to "facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes." 28 U.S.C. § 471. The CJRA does not, however, establish a private right of action, nor is the statute money-mandating. *See Lawson v.*

*Callahan*, 111 F.3d 403, 404 (5th Cir. 1997). A statute is money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of duties [it imposes]." *United States v. Mitchell*, 463 U.S. 206, 219 (1983). The CJRA cannot be fairly interpreted as mandating compensation. Nothing in the CJRA can be construed as authorizing the imposition of money damages on courts that fail to abide by its terms. As such, the CJRA cannot serve as a basis for jurisdiction in this court. Ms. Lewis's claims under the CJRA must be dismissed for lack of jurisdiction.

### B. This Court Lacks Subject Matter Jurisdiction over Ms. Lewis's Claims Under the Civil Rights Act and the Due Process Clause

Ms. Lewis maintains, based on how her cases have been handled in the Southern District of New York, that she was "denied equal benefit of the law" and "depriv[ed] of [her] right to sue" in violation of the Civil Rights Act, 42 U.S.C. § 1981. Compl. Ex. 1-1 at 1; Resp. at 4. Section 1981 provides that all persons "shall have the same right . . . to the full and equal benefit of all laws and proceedings . . . ." This court does not have jurisdiction to hear claims under the Civil Rights Act. Instead, exclusive jurisdiction to hear civil rights claims resides in the federal district courts. *See* 28 U.S.C. § 1343 ("The district courts shall have original jurisdiction of any civil action authorized by law."); *see, e.g., Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005). As a result, to the extent Ms. Lewis alleges violations of the Civil Rights Act, Ms. Lewis's claims must be dismissed.

In addition, to the extent Ms. Lewis's claim can be read as a claim for damages for a violation of her due process rights, her claim must be dismissed. It is well-settled that this court does not have jurisdiction to hear cases based on alleged violations of the due

process clause of the Fifth Amendment because the due process clause is not money-mandating. *See, e.g.*, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). To the extent Ms. Lewis is asserting a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for money damages against individual federal officials for violations of her constitutional rights, this court lacks jurisdiction to hear such a claim. *See Carter v. United States*, 142 Fed. Cl. 159, 162 (2019) (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997)).

### C. This Court Lacks Authority over Ms. Lewis's Request to Remove a Federal Judge from Office

Finally, Ms. Lewis's requests for the removal from office of Chief Judge Colleen McMahon for unspecified reasons must be dismissed for lack of jurisdiction. Compl. at 3. Under the United States Constitution, federal judges may only be removed through impeachment. U.S. Const. art. III, § 1 ("Judges . . . shall hold their Offices during good Behavior . . . ."). Since this court lacks the authority to remove a federal judge, this claim must also be dismissed for lack of jurisdiction. *See Hicks v. United States*, 118 Fed. Cl. 76, 82 (2014) (holding that claims "for the impeachment of federal officials" are beyond the scope of this court's jurisdiction). Moreover, this court has held that claims alleging judicial misconduct in district courts must be brought in the federal appeals court that supervises that district court, not in this court. *See Rajapakse v. United States*, No. 19-317C, 2019 WL 1149954, at *2 (Fed. Cl. Mar. 12, 2019).

## CONCLUSION

Ms. Lewis's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** for the limited purposes of this order. Ms. Lewis's "Cross Motion for Mediation and Settlement" (Doc. No. 8) is **DENIED**. Because this court does not have subject matter jurisdiction over any of the claims in Ms. Lewis's complaint, the government's motion to dismiss is **GRANTED without prejudice**.[2] The Clerk of Court is directed to dismiss without prejudice Ms. Lewis's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims and enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

[2] Ms. Lewis argues in her response to the government's motion to dismiss that the Rules of the United States Court of Federal Claims should not apply to her because she is a *pro se* plaintiff, citing *Berrios v. New York City Housing Authority*, 564 F.3d 130 (2d Cir. 2009). Resp. at 2. In *Berrios*, the Second Circuit held that a complaint filed on behalf of an incompetent plaintiff should not have been dismissed *with prejudice* without first determining whether the incompetent plaintiff's representative was a suitable guardian ad litem. *Berrios*, 564 F.3d at 135. ("Where the owner of a claim is a minor or incompetent person, therefore, unless that claimant is properly represented by a guardian ad litem, . . . and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted."). *Berrios* does not apply to Ms. Lewis's case for two reasons. First, the dismissal for lack of jurisdiction in this case is a dismissal without prejudice. Second, while the court understands from the government's motion to dismiss and the attachments to that motion that Ms. Lewis was declared to be incompetent in one of the Southern District of New York actions at issue, a review of the docket in that case demonstrates that Ms. Lewis, as of December 2019, claims that she is not now incompetent. *See* MtD Ex. B. This court has no basis for finding Ms. Lewis incompetent and thus has no reason to explore the appointment of a guardian ad litem in this case.